NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2022
Decided March 28, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2267

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-CR-00933(1) |
| JOSE GARCIA SOLORZANO, *Defendant-Appellant.* | John J. Tharp Jr., *Judge.* |

**O R D E R**

Jose Garcia Solorzano pleaded guilty to conspiracy to possess cocaine with intent to distribute after being arrested by an undercover officer at a 2019 cocaine sale. The district court denied a sentencing reduction for acceptance of responsibility after finding that Solorzano falsely or frivolously denied conduct relevant to the offense. Solorzano had disputed that his co-conspirator, Phillip Robinson, possessed a gun and brought it to the 2019 drug deal. Solorzano now challenges the denial of the reduction

on the theory that he timely pleaded guilty and was unaware of the weapon. But in his plea agreement Solorzano acknowledged Robinson had promised to provide him security during drug transactions. Because Solorzano reasonably should have foreseen Robinson's possession of a firearm at the drug deal in furtherance of that criminal activity, the district court did not clearly err in denying Solorzano credit for accepting responsibility. Therefore, we affirm.

Starting in 2019, Solorzano, a former Mexican police officer, coordinated with Robinson, a drug dealer, to travel to Chicago and sell cocaine. After Solorzano was robbed during one such transaction, Robinson assured him that he would provide security for future deals. A few days later, Solorzano arranged to sell cocaine to a prospective buyer. He and Robinson drove to a parking lot in Evergreen Park, Illinois, where the buyer—an undercover law enforcement officer—arrested the two men. Other officers recovered a bag of cocaine from the car and a gun that Robinson had tucked into his waistband.

Solorzano pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1); 846. In his plea agreement, Solorzano specifically disputed that Robinson had possessed a gun, but Solorzano did not dispute the statement in the plea agreement that Robinson had agreed to provide him with security whenever he conducted drug transactions.

At sentencing, the government opposed a reduction under U.S.S.G. § 3E1.1(a) based on acceptance of responsibility. Arguing that Solorzano had not accepted responsibility for reasonably foreseeable consequences of the conspiracy because he had not admitted that Robinson possessed a firearm for their planned drug deals, the government sought a Guidelines range of 41 to 51 months based on a total offense level of 22.

The district court accepted the government's argument and sentenced Solorzano to 48 months in prison. It found Solorzano had acted in a manner inconsistent with acceptance of responsibility by falsely denying that Robinson possessed a weapon— relevant conduct within the scope of their joint criminal enterprise. The court noted that Robinson's possession of a weapon was reasonably foreseeable to Solorzano because Robinson had promised to provide him security during future transactions: "guns go with drug trafficking. That is not a surprise to anyone, and it's clearly foreseeable that someone who was providing … security would be armed." R. 114 at 8. The court also imposed a two-level enhancement to reflect possession of a firearm during the offense. U.S.S.G. § 2D1.1(b)(1).

The sole issue in this appeal is whether the district court clearly erred by denying Solorzano the sentencing reduction for acceptance of responsibility. Solorzano maintains he was entitled to the reduction because he "fess[ed] up" to the offense of conviction, made no attempt to minimize, cover up, or offset blame for the crime to which he confessed, and, by timely pleading guilty, saved the government and district court the expense and burden of going to trial. Claiming he was "naïve to Robinson's proclivity to have a gun," Solorzano insists that nothing in the record shows he knew Robinson had a gun at the sale. We review a district court's refusal to apply an acceptance of responsibility reduction under U.S.S.G. § 3E1.1 for clear error, see *United States v. Edwards*, 836 F.3d 831, 838 (7th Cir. 2016), deferring to the judge's credibility determination that a denial is false or frivolous, see, e.g., *United States v. Etchin*, 614 F.3d 726, 739–40 (7th Cir. 2010).

More than a guilty plea is needed before a defendant is entitled to credit for acceptance of responsibility. *United States v. Collins*, 949 F.3d 1049, 1055 (7th Cir. 2020). To be eligible for a reduction under § 3E1.1, a defendant must "clearly demonstrate[] acceptance of responsibility for his offense." And "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n.1(A). Relevant conduct, in turn, includes all acts of others in a jointly undertaken criminal activity within the scope of, in furtherance of, and reasonably foreseeable in connection with that activity. *Id.* § 1B1.3(a)(1)(B). Acknowledging the dangerous nature of the drug industry, we permit sentencing judges to use their common sense in evaluating whether the presence of firearms is foreseeable. See *United States v. Ramirez*, 783 F.3d 687, 690–91 (7th Cir. 2015).

The district court did not err in denying Solorzano a reduction. The court appropriately justified its ruling based on Solorzano's false denial of relevant conduct— Robinson's possession of a firearm. Noting Solorzano's admission in the plea agreement that Robinson had pledged security to him during drug deals, the court found it foreseeable that someone providing security at a drug deal would be armed, a commonsense conclusion.

AFFIRMED